PER CURIAM.
Trudy Diedrick-Clarke appeals from a final summary judgment of foreclosure in favor of appellee and an order denying her motion to set case for mediation. JPMor-gan Chase Bank National Association, as the acquirer of certain assets and liabilities of appellee (“JPMorgan”), confesses that the trial court committed procedural errors relating to the summaiy judgment hearing and the evidence presented. However, with respect to the order denying Diedrick-Clarke’s motion to set case for mediation, JPMorgan argues that the trial court did not abuse its discretion in denying the motion. We agree.
As to the issues relating to the confession of error, we reverse the summary judgment and remand for further proceedings consistent with the laws and rules of procedure applicable to the underlying foreclosure proceeding. Gulf Power Co. v. Illinois-Florida Land Co., 132 So. 109 (Fla.1931); Indian Harbor Estates, Inc. v. Wagner, 148 So.2d 757 (Fla. 1st DCA 1963).
Next, Diedrick-Clarke argues that the trial court abused its discretion by denying her motion to compel the parties to mediation pursuant to the Seventeenth Judicial Circuit Administrative Order 2010-29-Civ., amended and superseded by Administrative Order 2011-13-Civ. A plain reading of the administrative order leads us to conclude that the trial court is granted the exclusive discretion to decide whether to compel parties to mediate in cases which were filed before July 1, 2010. “At the discretion of the division judge, compliance with this Administrative Order may also be required for homestead residential mortgage foreclosure actions filed prior to July 1, 2010 ...” Admin. Order 2011-13-Civ, pg. 3, Seventeenth Judicial Circuit. This is one such case.

Reversed and Remanded.

MAY, C.J., DAMOORGIAN and GERBER, JJ., concur.